PARKWAY CORPORATION *vs.* CLARK EQUIPMENT COMPANY. March 24, 1980. Parkway Corporation (Parkway) leased a portion of a building which it owned in Everett to Clark Equipment Company (Clark). The lease bore the date of December 2, 1964, but the base term did not commence until May or June, 1965. Clark claims to be aggrieved by a judgment for Parkway for the amount of the premiums for insurance purchased by Parkway as a result of the failure of Clark seasonably to furnish certificates of insurance in satisfactory form. We affirm the judgment.

The case was commenced by writ dated January 24, 1967. It was referred to an auditor for a trial in which his findings of fact were not to be final in accordance with Rule 88 of the Superior Court (1954).[1] Hearings

---

[1] Since July 1, 1974, when the Massachusetts Rules of Civil Procedure were adopted, the term auditor has been laid to rest in favor of master. See Mass.R.Civ. P. 53, as amended, 367 Mass. 917 (1975); Rule 49 of the Superior Court (1974).

were conducted during February, 1970. The auditor issued a report favorable to Parkway on October 16, 1970. Within a few days thereafter, Clark filed a motion to recommit. The case remained in a recumbent position for almost seven years until Parkway filed a motion to advance and a certificate of readiness. Clark countered with a motion to strike portions of the auditor's report. Parkway moved to adopt the report and for entry of judgment. The court denied Clark's motions and ordered judgment for Parkway.

The single issue is the correctness of the auditor's finding that Clark failed to comply with the lease's provision set forth in the margin[2] which required Clark to produce certificates of insurance in satisfactory form.

The order of reference did not require the auditor to report the evidence. Accordingly, we are constrained to treat his subsidiary findings of fact as binding unless they are mutually inconsistent, contradictory, plainly wrong or vitiated in view of controlling law. See *Selectmen of Hatfield* v. *Garvey*, 362 Mass. 821, 825 (1973). However, we are permitted to draw our own inferences from the auditor's subsidiary findings. *Corrigan* v. *O'Brien*, 353 Mass. 341, 346 (1967).

The auditor found that despite Parkway's request for a certificate of insurance in May, 1965, at the start of the base term of the lease, none was produced. This failure required Parkway to buy fire and casualty insurance coverage, though the obligation to purchase such coverage was Clark's in accordance with the lease. The first certificate was produced by Clark in October, 1965. Without more, a delay of five months is hardly consistent with the mandate of the lease for prompt production. This certificate was unsatisfactory. Parkway's name did not appear on the certificate.

It was January, 1966, before the next certificate was proffered. This certificate was also deficient because it failed to name Parkway.

It was not until April, 1966, that Clark gave Parkway a certificate of insurance which satisfied the lease. For the period, June, 1965, to April, 1966, Parkway paid for insurance coverage which was the obligation of Clark. Parkway was properly found to be entitled to reimbursement for these premiums.

*Judgment affirmed.*

*Stephen H. Oleskey* for the defendant.
*Robert N. Goldstein* for the plaintiff.

---

[2] "9.03 All insurance provided for in this Article shall be effected under valid and enforceable policies issued by insurers of recognized responsibility which are well rated by national rating organizations. Upon the commencement of the base term of this Lease, or as promptly thereafter as certificates may be obtained, Lessee will, upon request, furnish to the Lessor certificates of all insurance required by this section, and if requested by Lessor, will exhibit to the Lessor proof of the payment of the premiums for all such insurance."